IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| EMMETT HICKAM, | ) | |
|        Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 3:25CV1001 (RCY) |
| | ) | |
| CHESTERFIELD COUNTY SCHOOL | ) | |
| BOARD, *et al.*, | ) | |
|        Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This is a disability discrimination suit related to *pro se* Plaintiff Emmett Hickam's employment with the Chesterfield County school system.  Since the Court's denial of Plaintiff's Motion for a Temporary Restraining Order, Plaintiff has filed multiple, iterative motions for alternative injunctive, emergency, and "status quo" relief:  a Motion for Preliminary Injunction, a Motion for Leave to File Supplemental Declaration concerning the same ("Motion for Leave"), an Emergency Motion for Leave to File Supplemental Notice of Post-Briefing Facts and Request for Expedited Limited Status-Quo Relief ("Emergency Motion I"), and another Emergency Motion for Leave to File Supplemental Notice and for Immediate Limited Status-Quo Relief and Conflict-Free Grievance Review ("Emergency Motion II").  For the reasons set forth below, the Court will grant Plaintiff's motions for leave to supplement the record with respect to his requests for injunctive relief.  As to the remaining aspects of the relief Plaintiff seeks, however, the Court ultimately finds that Plaintiff has not established a likelihood of success on the merits of his underlying claims and so injunctive relief—including Plaintiff's so-called "status quo relief"—is improper at this time.

## I.  RELEVANT PROCEDURAL HISTORY

Plaintiff filed his Complaint on November 7, 2025, in the Circuit Court for Chesterfield County.  Compl. ¶ 1, ECF No. 1-2.[1]  Defendants removed the matter to this Court on December 8, 2025.  ECF No. 1.  On February 27, 2026, Plaintiff filed a Motion for Preliminary Injunction, ECF No. 30, a Memorandum in Support thereof ("Mem. Supp. Prelim. Inj."), ECF No. 31, and a Declaration ("Hickam Decl."), ECF No. 32.  Defendants filed their Opposition to Plaintiff's Motion for Preliminary Injunction ("Prelim. Inj. Resp."), ECF No. 33, on March 5, 2026.  Plaintiff filed his Reply thereto ("Prelim. Inj. Reply."), ECF No. 34, on March 9, 2026.

On April 6, 2026, Plaintiff filed a Motion for Leave to File Supplemental Declaration, ECF No. 35, with a proposed supplemental declaration from Mr. Hickam attached as an exhibit ("Hickam Suppl. Decl. I"), ECF No. 35-1.[2]  Defendants filed a Reply thereto ("Mot. for Leave Resp."), ECF No. 37, on April 20, 2026.  Then, on May 8, 2026, Plaintiff filed Emergency Motion I, ECF No. 38, which includes, *inter alia*, a Proposed Supplemental Notice, ECF No. 38-1, and a second Supplemental Declaration from Mr. Hickam ("Hickam Suppl. Decl. II"), ECF No. 38-2.  Defendants filed a Reply to Plaintiff's Emergency Motion I ("Em. Mot. I Resp."), ECF No. 40, on May 14, 2026.  Plaintiff filed his Reply thereto on May 15, 2026 ("Em. Mot. I Reply"), ECF No. 41.  Finally, on May 28, 2026, Plaintiff filed Emergency Motion II, ECF No. 42, which includes, *inter alia*, a Supplemental Notice of Additional Post-Briefing Facts, ECF No. 42-1, and a third Supplemental Declaration from Mr. Hickam ("Hickam Suppl. Decl. III"), ECF No. 42-2.

---

[1] The Complaint spans pages 1–69 of Exhibit A-1 to the Notice of Removal.

[2] Plaintiff also submitted a Notice of Clarification (ECF No. 36) on April 7, 2026, clarifying the representations he offered in his Supplemental Declaration.

## II. LEGAL STANDARD

To obtain the extraordinary remedy of a preliminary injunction, Plaintiff must show (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm without preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in, the public interest. *Winter v. Natural Resource Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The Court may grant a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. Such injunctive relief is "never awarded as of right." *Id.* at 24.

## III. ANALYSIS

### A. Motions for Leave to Supplement Record

As an initial matter, the Court finds it appropriate to grant Plaintiff's various Motions to the extent he seeks to supplement the record with respect to his preliminary and emergency injunction requests. Defendants do not oppose the requests to supplement, arguing that nothing submitted by Plaintiff "change[s] the inevitable outcome: Plaintiff has failed to make a clear showing that he is entitled to a preliminary injunction." Mot. for Leave Resp.; *see also* Em. Mot. I Resp. Accordingly, the Court accepts the representations made in Plaintiff's various supplemental declarations and exhibits and considers them in conjunction with the pending Motion for Preliminary Injunction and Plaintiff's subsequent requests for "limited status quo relief," which the Court similarly construes as reiterated requests for injunctive relief.

### B. Preliminary Injunction Analysis

In Plaintiff's Motion for Preliminary Injunction, Plaintiff seeks "an injunction restoring access to the statutory grievance process and preventing Defendants from conditioning that access on an unwritten perquisite not contained in the governing rules." Mem. Supp. Prelim. Inj. 1. Specifically, Plaintiff challenges whether Chesterfield County Public Schools' Regulation 5150-

R ("Chesterfield County's Teacher Grievance Procedures"[3])—which, in relevant part, establishes a four-step non-dismissal grievance process, *see* ECF No. 31-3—lawfully bars grievants from having an accompanying representative at the "informal conference" under Step I.  Mem. Supp. Prelim. Inj. 1, 3–5.  Plaintiff characterizes this challenge as a due process issue presenting "a narrow constitutional question" under 42 U.S.C. § 1983, concerning "access to a state-mandated adjudicatory mechanism."  *Id.*  Accordingly, under the guise of a procedural due process claim, Plaintiff seeks an order from the Court (1) enjoining Defendants from enforcing its "no representatives" requirement at Step I; (2) ordering Defendants to process his grievance in accordance with applicable law and policy; (3) set an expedited schedule regarding the same; and (4) preserve the status quo pending completion of the grievance process.  *Id.* at 7.

To state a procedural due process claim, Plaintiff must allege that: (1) he had a "constitutionally cognizable life, liberty, or property interest;" (2) Defendants deprived him of that interest; (3) and "the procedures employed were constitutionally inadequate."  *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013) (internal citations and quotations omitted).  Absent deprivation of a cognizable life, liberty or property interest, there can be no procedural due process violation.  *Id.* at 540.

"A public-school teacher in Virginia who attains a continuing contract maintains a property interest protected by the due process clause."  *Pettis v. Nottoway Cnty. Sch. Bd.*, 2013 U.S. Dist. LEXIS 86556, at *23–24 (E.D. Va. May 3, 2013) (internal citation omitted).  It is undisputed that Plaintiff has such a contract.  Hickam Suppl. Decl. II ¶ 4.  Accordingly, his employment interest

---

[3] The General Assembly directed the Virginia Board of Education (herein the "Board") to "prescribe a grievance procedure" that includes certain components. Va. Code. § 22.1-308(A).  The Board answered this directive by promulgating 8 VAC 20-90-10, *et seq.*, specifically, 20-90-30 (herein the "State Grievance Procedure").  *See Tazewell Cnty. Sch. Bd. v. Brown*, 581 S.E.2d 671, 675 (Va. 2004).  Chesterfield County's Teacher Grievance Procedure, in relevant part, mirrors 8 VAC 20-90-30.  Thus, when the Court refers to the State Grievance Procedure, it necessarily includes Chesterfield County's Teacher Grievance Procedures.

is protected by the due process clause.  Thus, the Court turns to the next phase of the due process inquiry:  whether Defendants deprived Plaintiff of his protected interest through constitutionally inadequate process.  Here, Plaintiff's claim fails.

Plaintiff does not demonstrate that he has been terminated or otherwise deprived of his protected interest in any of his relevant submissions.  *See generally* Mem. Supp. Prelim. Inj.; Hick Decl.; Hickam Suppl. Decl. I; Hickam Suppl. Decl. II; Hickam Suppl. Decl. III; Em. Mot. I; Em. Mot. II.  Instead, Plaintiff represents only that his employment status beyond this school year is unknown, stating that his "employment consequences" will become "fixed" absent judicial intervention.  Mem. Supp. Prelim. Inj. 5; *see also* Em. Mot. I 4 ("If Defendants are permitted to wait through ordinary briefing timelines, they may accomplish through timing what Plaintiff's pending constitutional due-process claim seeks to prevent: the deprivation of a meaningful pre-deprivation adjudicatory process before disputed, unreviewed records are used to support nonrenewal, contract-expiration consequences.").

Defendants counter that this alleged, potential harm "is speculative" in that it only "may occur sometime in the future."  Prelim. Inj. Resp. 5.  What's more, Defendants represent that Plaintiff's employment has in fact been **extended** through next school year, Em. Mot. I. Resp. 1–2,[4] further substantiating the lack of any presently deprived protected interest.  Plaintiff resists this conclusion, arguing that no formal contract has been executed and that, regardless, he continues to suffer a deprivation because the State Grievance Procedure prohibits him from bringing a

---

[4] In support, Defendants cite John T. Murray, CCPS Memorandum #052-26, at 181 (May 12, 2026), https://go.boarddocs.com/vsba/chesterfield/Board.nsf/files/DTZRCA6D4F6C/$file/Memo%20%23052-26%20-%202026%20School%20Board%20Appoint%20List.pdf [https://perma.cc/SPB8-LBG9] (listing Plaintiff's name as assigned to Clover Hill High School effective August 1, 2026)).  The Court takes judicial notice of this memorandum pursuant to Fed. R. Civ. P. 201(b).

representative to the Step I conference.[5] Em. Mot. I Reply 1–2. The latter, in his view, violates both Virginia law and his due process rights.[6] Prelim. Inj. Reply 2–5; Em. Mot. I Reply 2–3. The Court disagrees on both fronts.

As an initial matter, the county memorandum relied upon by Defendants, *see supra* n.4, sufficiently confirm Plaintiff's continued employment notwithstanding the absence of a formalized contract.[7] Second—even assuming *arguendo* that the State Grievance Procedure runs afoul of Virginia law, Prelim. Inj. Reply 2–5,[8]—the Court finds persuasive *Echtenkamp v. Loudon County Public Schools*, precedent from within this District, in which it articulated that "a violation of

---

[5] Plaintiff describes this limitation as an "extra-textual gate." *E.g.*, Mem. Supp. Prelim. Inj. 2. It is no such thing: the plain text of the State Grievance Procedure makes clear that "[t]he first step shall be an informal conference **between the teacher and his immediate supervisor** (which may be the principal)." 8 VAC 20-90-30(1) (emphasis added). It does not contemplate any other participant.

[6] Plaintiff relies on *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982) to support his due process claim, contending that it "supplies the constitutional hook." Prelim. Inj. Reply 5. Specifically, Plaintiff contends that, under *Logan*, "once the State establishes [a grievance] process, officials may not nullify access to that process through the operation of their own procedures." Mem. Supp. Mot. Prelim. Inj. 5. *Logan* provides Plaintiff with no support. There, the Supreme Court considered "whether a State may terminate a complainant's cause of action because a state official, for reasons beyond the complainant's control, failed to comply with a statutorily mandated procedure." *Logan*, 455 U.S. at 424. The Court ruled in the negative, finding the claimant had a protected interest "to use FEPA's adjudicatory procedures" and the claimant could not be deprived of that interest by the state's own inaction. *Id.* at 431–37.

However, *Logan* makes clear that States remain free to reject claims "when the claimant fails to comply with a reasonable procedural requirement." *Id.* at 434, n.7; *see also id.* at 437 (explaining that "the State certainly accords with due process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule"). Thus, *Logan* did not recognize the sweeping right Plaintiff asserts here—namely, a right to disregard reasonable procedural prerequisites governing initiation of a state-created grievance process.

[7] Plaintiff does not dispute the credibility of these materials. *See generally* Em. Mot. I Reply.

[8] The Court need not address whether Plaintiff's contention has merit because it is irrelevant to the constitutional issue at hand. *See Echtenkamp*, 263 F. Supp. 2d at 1055, n.5. Nonetheless, the Court notes that, although the General Assembly granted the grievants "[t]he right . . . to be represented by legal counsel and another representative[,]" it did not specify at which point in the grievance process such right ripens. Va. Code § 22.1-308(A)(4). Instead, it delegated to the Board the responsibility of prescribing grievance procedures that, *inter alia*, affords such a right. § 22.1-308(A). The Board obliged in its State Grievance Procedure by allowing representation at Step II and onward. 8 VAC 20-90-30. The Board's decision to limit representation to such steps is supported by the General Assembly's directive that Step I "shall provide for an informal, internal processing of a grievance . . . through discussion." § 22.1-308(A). Plaintiff cites no authority to support his assertion that § 22.1-308(A)—much less due process—mandates that grievants receive representation at the "informal" outset of the grievance process. Plaintiff's refusal to partake in the grievance process does not open the door for a due process claim. *See Kendall v. Balcerzak*, 650 F.3d 515, 530 (4th Cir. 2011) ("[A] procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies." (alteration in original) (quoting *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 423 (3rd Cir. 2008))).

6

grievance procedures guaranteed under state law does not, by itself, constitute a failure to provide adequate due process under the standards of the federal Constitution." 263 F. Supp. 2d 1043, 1055 (E.D. Va. 2003) (citing *Goodrich v. Newport News Sch. Bd.*, 743 F.2d 225, 227 (4th Cir. 1984)). *Echtenkamp* is particularly instructive and warrants further discussion.

In *Echtenkamp*, the plaintiff, a tenured school psychologist, alleged that school administrators retaliated against her by, among other things, threatening her with dismissal and placing her on probationary status. *Id.* at 1054. Consequently, the plaintiff attempted to invoke the school system's grievance procedures, but school officials declined to process her grievance, asserting that she had failed to comply with procedural requirements. *Id.* at 1052. The plaintiff maintained that the school violated Virginia law, and thus federal due process protections, when it threatened termination and denied her access to the grievance process. *Id.* at 1054. The court rejected that claim, holding that the plaintiff had not been deprived of her protected property interest because she remained employed, and that even an improper refusal to follow Virginia's grievance procedures would not, without more, constitute a due process violation. *Id.* at 1055–56. As the court explained:

> [P]laintiff's right to invoke statutory grievance procedures in response to defendants' actions [short of termination] is not a constitutionally protected right sufficient to support a due process claim. Rather, the minimum process she must be provided to satisfy the Due Process Clause is notice and a hearing before she is terminated. *See Loudermill*, 470 U.S. at 542, 546. Clearly, plaintiff cannot allege that she has been denied such process, **as she has not yet been terminated**.

*Id.* (emphasis added).

The same logic applies here. Plaintiff remains employed and therefore "cannot allege that []he has been denied" due process, notwithstanding his disappointment with the School Grievance Procedure. Simply put, "the enforcement of state regulations . . . is to be done through the state

system and not in an action under 42 U.S.C. §§ 1981 and 1983, where no federal constitutional guarantees have been violated." *Goodrich*, 743 F.2d at 227.[9]

Because Plaintiff has not plausibly alleged or presented—by way of his various supplements—evidence to show that any deprivation of interest occurred through constitutionally inadequate means, Plaintiff is unlikely to succeed on the merits of his procedural due process claim. And, so failing, he is not entitled to injunctive, emergency, or even "limited status quo relief." *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009) (emphasizing that all four *Winter* factors must be satisfied for a movant to obtain injunctive relief), *vacated and remanded*, 559 U.S. 1089 (2010), *reissued in relevant part by per curiam published order*, 607 F.3d 355 (4th Cir. 2010).

## IV.  CONCLUSION

Accordingly, for the reasons explained above, the Court will grant Plaintiff's Motions insofar as Plaintiff endeavors to supplement the record in support of his Motion for Preliminary Injunction and his follow-on requests for further "emergency" and "status quo" relief, but the Court will deny the Motion for Preliminary Injunction and the related aspects of Plaintiff's subsequent Motions.

An appropriate Order shall issue.

Date: June 17, 2026
Richmond, Virginia

/s/ _____
Roderick C. Young
United States District Judge

---

[9] In *Goodrich*, a tenured teacher was provided with only two interim conferences rather than the three required by the School Board's evaluation procedures. 743 F.2d at 226. Nonetheless, the Fourth Circuit concluded that no constitutional violation of due process occurred, as the plaintiff in that case was provided the constitutionally guaranteed level of process before she was terminated, namely an "adequate notice, a specification of the charges against her, and a hearing at which she was able to present her defense." *Id.* at 227 ("When the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations.").