UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| EMMETT HICKAM,<br>Plaintiff,<br><br>v.<br><br>CHESTERFIELD COUNTY SCHOOL BOARD, *et al.*,<br>Defendants. | ) | Civil Action No. 3:25CV1001 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on its own initiative. Pending before the Court are several motions, including, *inter alia*, Defendants' Motion to Dismiss the First Amended Complaint (ECF No. 23); *pro se* Plaintiff Emmett Hickam's Motion to File a Limited Sur-Reply (ECF No. 29); and Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 69), which is accompanied by a 121-page proposed Second Amended Complaint. Based on the Court's inherent power to manage its docket, and mindful of the requirements set forth in the Federal Rules of Civil Procedure to which all parties, including those proceeding *pro se*, are bound, the Court will *sua sponte* dismiss without prejudice Plaintiff's First Amended Complaint for failure to comply with Federal Rule of Civil Procedure 8. Furthermore, the Court will deny without prejudice Plaintiff's Motion for Leave to File Second Amended Complaint and direct Plaintiff, should he desire to continue this matter, to submit a proposed Second Amended Complaint that complies with Federal Rule of Civil Procedure 8. Accordingly, the Court will deny as moot Defendants' Motion to Dismiss and Plaintiff's Motion to File a Limited Sur-Reply.

## I. LEGAL STANDARD — RULE 8

Although a *pro se* complaint is "to be liberally construed"[1] and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), such deference "does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure," *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *overruled on other grounds by Britt v. Dejoy*, 45 F.4th 790, 795–96 (4th Cir. 2022). Nor does it require the Court to discern the unexpressed intent of a plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategy for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

For its part, Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each averment of a pleading be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (e)(1). "District judges are not mind readers," nor is their role to serve as "an advocate seeking out the strongest arguments and most successful strategies for a [*pro se*] party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Without the guardrails of Rule 8, courts would be left to expend precious judicial resources sifting through narrative and hyperbole in an effort to identify and address the points a litigant endeavors to make, while also working to avoid the improper task of devising arguments on behalf of the overly verbose litigant. *See Powhatan Cnty. Sch. Bd.*, 2025 WL 1559593, at *7; *Holsey v. Collins*, 90 F.R.D. 122, 124, 129 (D. Md. 1981) (dismissing voluminous complaint and

[1] The Court notes that *Erickson*'s liberal-construction requirement for *pro se* pleadings predates the advent of artificial intelligence ("AI") drafting tools, which are being used with increasing prevalence by *pro se* parties in particular. *See Powhatan Cnty. Sch. Bd. v. Skinger*, 2025 WL 1559593, at *3–8 (E.D. Va. June 2, 2025) (collecting cases to illustrate the growing issue and accompanying concerns). Such tools both increase *pro se* litigants' ability to draft voluminous pleadings and increase the odds that such pleadings contain fractured assertions and "hallucinated" legal propositions, which courts must wade through in construing claims. *Id*. While its analysis does not ultimately turn on this point, the Court notes that several of Plaintiff's filings appear to carry the hallmarks of AI drafting assistance beyond that to which Plaintiff certifies. *See* Resp. Opp'n 8, ECF No. 26 (responding with what appears to be an AI-hallucinated argument); Reply 12 n.1, ECF No. 24.

accompanying supplemental filings where potentially cognizable claims were "obscured . . . by the employment of a 'shotgun pleading' technique," and, in the interest of judicial economy, directing the *pro se* plaintiff to file an amended complaint "to eliminate the blunderbuss allegations so that his possibly meritorious claims can be reached"). Even when a plaintiff has paid the full filing fee, the district court retains discretion to dismiss the claims *sua sponte*. *Berry v. Gorman*, 2012 WL 5941488, at *1 (W.D. Va. Nov. 27, 2012) (citing, *inter alia*, *United Auto Workers v. Gaston Festivals, Inc.*, 43 F.3d 902, 905–04 (4th Cir. 1995)).

## II. ANALYSIS

Plaintiff's First Amended Complaint, while not as lengthy as the proposed Second Amended Complaint, suffers from several Rule 8 defects that make analysis difficult. Chief among these defects is that the First Amended Complaint does not provide *each* Defendant with fair notice of what claim(s) Plaintiff levels against them and the grounds upon which such claim(s) rests. *See Brown v. United States Dep't of Just.*, 2019 WL 2488760, at *9 (N.D.W. Va. Jan. 23, 2019) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For example, Plaintiff's Count Four, alleged against each of the nine Defendants, does not allege which Defendants acted and when, and only includes vague statements such as "Defendants intentionally treated Plaintiff differently . . . Defendants acted with discriminatory purpose . . . Defendants instead chose punitive escalation . . . ." Am. Compl. ¶¶ 96–98. The Court is left to sift through 110 single-spaced, multi-sentence paragraphs to piece together a cogent timeline of events in order to assess how each of Plaintiff's claims relates to each of the nine Defendants. This is improper, and grounds for dismissal. *Brown*, 2019 WL 2488760, at *10 ("The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court." (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990))), *report and recommendation adopted*, 2019 WL 1234324 (N.D.W. Va. Mar. 18, 2019),

*aff'd as modified,* 787 F. App'x 155 (4th Cir. 2019). Each of the Counts in Plaintiff's First Amended Complaint suffers from similar defects.

Plaintiff's proposed Second Amended Complaint does not fare any better. The proposed Second Amended Complaint contains no "short and plain statement," nor is it "concise and direct." Instead, it contains 121 pages of convoluted and redundant narratives, and the intersecting legal and doctrinal conclusions asserted by the Plaintiff give rise to a landscape where, to determine the viability of Plaintiff's claims, the Court would have to engage in the improper task of sifting through 416 paragraphs to piece together a cogent timeline of events in order for the Court to assess how each of Plaintiff's claims relates to each of the Defendants. *Beaudett*, 775 F.2d at 1278; *Powhatan Cnty. Sch. Bd.*, 2025 WL 1559593, at *7. Plaintiff's proposed Second Amended Complaint is accordingly subject to dismissal on this ground alone, and granting leave to file it notwithstanding such a defect would be a futile and time-wasting exercise.

## III. CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice Plaintiff's First Amended Complaint, deny as moot Defendants' Motion to Dismiss, deny as moot Plaintiff's Motion for Leave to File a Limited Sur-Reply, and deny without prejudice Plaintiff's Motion for Leave to File Second Amended Complaint. To ensure all claims are properly before the Court and all Defendants have fair notice of the claims leveled against them, and based on its desire to resolve all claims on the merits, the Court will order Plaintiff to file an Amended Complaint that complies with the requirements of Federal Rule of Civil Procedure 8.

An appropriate Order will issue.

Date: September 23, 2026
Richmond, Virginia

/s/ RCY
Roderick C. Young
United States District Judge